Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

FILED
U.S. District Court
District of Kansas

# UNITED STATES DISTRICT COURT
for the
District of Kansas

SEP 05 2023

Clerk, U.S. District Court
By_____ Deputy Clerk

X Civil _____ Division

Maurice Bernard Moore

)
)
)
)
)

Case No. **2:23-cv-02385-JAR-TJJ**

*(to be filled in by the Clerk's Office)*

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Jury Trial: *(check one)* ✔ Yes ☐ No

-v-

See Attached

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## DEFENDANTS IN THIS CASE

1. Attorney Daniel L. Hebert

   Former Saline County District Judge

   Salina, Kansas


2. Attorney Julie McKena

   Former Saline County District Attorney

   Salina, Kansas


3. Attorney Ralph J. DeZago

   Former Kansas Public Defender

   Herington, Kansas



Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Maurice B. Moore |
| Address | 4938 Hampden Lane #576 |
| | Bethesda, MD 20814 |
| | *City   State   Zip Code* |
| County | Montgomery County |
| Telephone Number | (301) 523-6586 |
| E-Mail Address | &lt;blaine4017portage@yahoo.com&gt; |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | Attorney Daniel L. Hebert |
| Job or Title *(if known)* | Formerly Saline County District Judge |
| Address | 1127 Republic Circle |
| | Salina KS 67401 |
| | *City   State   Zip Code* |
| County | Saline |
| Telephone Number | (785) 823-2713 |
| E-Mail Address *(if known)* | unknown |

☐ Individual capacity   ☑ Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | Attorney Julie McKenna |
| Job or Title *(if known)* | Formerly Saline County District Attorney |
| Address | 114 South 7th Street |
| | Salina KS 67401 |
| | *City   State   Zip Code* |
| County | Saline |
| Telephone Number | (785) 829-4048 |
| E-Mail Address *(if known)* | |

☐ Individual capacity   ☑ Official capacity

**4**

Defendant No. 3
Name: Attorney Ralph J. DeZago
Job or Title (if known): Formerly Kansas Public Defender
Address: 1203 North D Street
City: Herington
State: KS
Zip Code: 67449
County: Unknown
Telephone Number: (785) 258-2322
E-Mail Address (if known):

[ ] Individual capacity  [✔] Official capacity

Defendant No. 4
Name:
Job or Title (if known):
Address:
City:
State:
Zip Code:
County:
Telephone Number:
E-Mail Address (if known):

[ ] Individual capacity  [ ] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✔] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

SEE ATTACHED

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?



## BASIS for JURISDICTION

## 42 U.S.C. # 1983

(continued)

1. **DOUBLE JEOPARDY** - **Fifth Amendment to the U.S. Constitution**

2. **Conspiracy Against Rights** - **Title 18, Code 242**

3. **Misprison of a Felony—Title 18, Code 4**

4. **Failure to Intervene** - **Section 42, Code 1983**

5. **Deprivation of a Federal Right** - **Section 42, Code 1983**

6. **Forced Labor** (via abuse of law or legal process) - **18 U.S. Code 1589**

7. **Denial of Due Process & Equal Protection of Law** - **14th Amendment to the United States Constitution**

---

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See Attached

III. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  Where did the events giving rise to your claim(s) occur?

Saline County District Court

B.  What date and approximate time did the events giving rise to your claim(s) occur?

SEE ATTACHED

C.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

SEE ATTACHED



## STATEMENT OF CLAIM

Pursuant to a 60-1507 filed by Petitioner Maurice Moore, herein to be referred to as "Moore," Petitioner's entire criminal case was over-turned in Saline County District Court on November 08, 1996. In the Order overturning the case the Appeals Court Judge admitted that the Court had committed some serious ERRORS when attempting to accept Moore's supposed "plea." The overturning Judge, Paul Miller, noted that the record reflected the Moore never entered a guilty plea in open court, on the record.

On February 13, 1986 the Court, in ERROR, accepted the stipulated facts (evidence) rendered by the Saline County District Attorney as fully supporting the charges of aggravated battery on a LEO, and possession of a firearm by a convicted felon as meeting state requirements for those offenses. The record of February 13, 1986 clearly shows that at least four (4) required elements were missing for the aggravated battery charge, and four (4) required elements were missing from the firearms offense.

On March 26, 1986 Saline County, in ERROR, sentenced Moore for aggravated battery and felony weapons charges believing that he had plead to those two (2) separate charges, when in essence the evidence accepted by all parties and State on Feb. 13, 1986 only supported the lesser included misdemeanor charges. Moore didn't know anything about law at the time and stood in silence. Of note: Moore only agreed in open Court  ( continued on page 8 ).

with the stipulated elements offered on February 13, 1986 by the State. In any event, Moore was sent to prison for ten (10) years in ERROR.

On November 08, 1996 Moore's entire case was overturned and Moore thought that he was going home. But this was not the case.

**On December 12, 1996 Moore appeared before Judge Daniel Hebert, who was well versed in law but told Moore that he would be going to a second trial. Judge Hebert knew or should have known that the name of an offense is not controlling, the elements are controlling. Judge Hebert knew that once the State accepted the factual basis in 1986 for the lesser included charge of simple battery, Moore was automatically ACQUITTED of the felony aggravated battery charge. Judge Hebert knew, in 1997, that when the State accepted the lesser included charges in 1986 for the felony firearms charge, that Moore was automatically ACQUITTED of the more serious charge. In spite of this, and in violation of Moore's Constitutional right to be free from Double Jeopardy, Judge Hebert concealed this fact with the aid, cooperation and silence of Saline County District Attorney Julie McKena and Pubic Defender Ralph DeZago. All stood silent while this miscarriage of justice took place.**

On January 3, 1997 a full evidentiary preliminary hearing was held in Saline County District Court where all named co-conspirators were gathered and remained silent as this miscarriage of justice continued to be played out as directed by then Judge Daniel Hebert. Saline County District Attorney Julie McKena and Public Defender were both

willing co-conspirators in this evil plot to violate Moore's rights to be free from Double Jeopardy.

On January 13, 1997 a hearing was held in front of Judge Daniel Hebert, along with D.A Julie McKena and Public Defender Ralph DeZago. At every Court appearance there was the opportunity for any of the now named defendants to come forward and put a stop to the insane injustice being dealt to an American citizen: deprivation of a federal right, forced labor, denial of due process & equal protection of the law, protection against double jeopardy guaranteed by the U.S. Constitution. Apparently, racial hate runs deep between these three.

On February 14, 1997, the Court heard Petitioner's motions with all defendant's present. Their diabolical conspiracy continued and remained intact – not one of the conspirators broke rank. They knew that Moore didn't know a thing about law, and that they weren't about to enlighten him. The now defendants never gave any consideration to the fact that they had a duty to intervene on Moore's behalf when they knew that he had been ACQUITTED in 1986 and that he should have been released then, but certainly should not be forced to go to trial a second time after having already served 6 months for simple battery, the only charge that the evidence supported in 1986.

On March 17, 1997, March 31, 1997, April 10, 1997, and April 22, 1997 various hearing where held before Judge Daniel L. Hebert. Like present day former President Donald Trump, Judge Daniel Hebert demanded and got loyalty from District Attorney Julie McKena and

10

Public Defender Ralph DeZago.  For more than eleven (11) years the evil plot to deprive Moore of his constitutional rights worked, and with their continued suppression and abuse of the legal process it was their hope that Moore would continue to be denied his constitutional rights and remain in prison and be a source of forced labor for the State.  Denial of Due Process & Equal Protection of the Law was all part of the diabolical plan to deprive Moore of all his Federal Rights while supplying the Kansas Prison system with forced labor.

The conspiracy against Moore went off as planned by Judge Daniel L. Hebert.  After Moore served 10 years for two misdemeanors, Judge Hebert, District Attorney Julie McKena, and Public Defender successful concealed the fact that Moore had been ACQUITTED of all felony charges in 1986.  Moore spent another nine (9) years in prison after defendants in this case concealed the fact that Moore had been ACQUITTED in 1986 when the stipulated factual basis only supported the lesser included charges of battery and simple unlawful possession of a firearm.

Although Moore hired a number of attorneys after his case was over-turned in 1996, none of them ever told him about the lesser included offenses and their far reaching legal implications.  It was not until June of 2022 when a paralegal Moore hired discovered a Kansas case revealing the fact regarding lesser included offenses.  Accordingly, the paralegal also reasoned that Moore had already done six (6) months for the charges and that would also bar a second trial.

## Saline County District Attorney

In 1997 exculpatory evidence was deliberately withheld by D.A. Julie McKena that was material to proving acquittal. The Due Process clause of the U.S. Constitution required her to disclose evidence favorable to Moore. (1) evidence was favorable to Moore (2) the evidence was suppressed by the State (3) prejudice ensued. Suppression of evidence violated Moore's right to Due Process. In Moore's case there was deliberate and intentional concealment and non-compliance with law. Moreover, D.A. Julie McKena was a willing participant in a conspiracy to deny Moore his U.S. Constitutional right to be free from Double Jeopardy. Without the full cooperation of D.A. Julie McKena, Judge Daniel Hebert's ploy could not succeed.

Whenever a District Attorney knowingly and willingly becomes part of a conspiracy to deny an American citizen his U.S. Constitutional rights she automatically loses absolute Immunity. D.A. Julie McKena knew that Moore had been ACQUITTED of all felony charges in 1986, yet she "stood-down," turned her back to her sworn duties and did absolutely nothing. Absolute Immunity was never intended to condone criminal activity. Some civil violations of law are also criminal violations. D.A. Julie McKena is just as guilty as Saline County District Judge Daniel Hebert who knew he lacked jurisdiction in face of clearly valid statutes and case law expressly depriving him of jurisdiction. Both Kansas and Federal law holds that ACQUITTALS cannot be appealed by the court, even in cases of 1st Degree murder.

## PUBLIC DEFENDER RALPH DEZAGO

Public Defenders acts under color of state law when engaged in a conspiracy with State officials to deprive another of federal rights. Ralph DeZago cannot claim to have any kind of immunity. Ralph DeZago, like D.A. Julie McKena, stood by at every hearing remaining silent about the continued violations of Moore's U.S. Constitutional rights, especially when he, like D.A. Julie McKena, knew that Moore had been acquitted on February 13, 1986 when the Stipulated Factual Basis (evidence) presented in open court, on the record, only supported the lesser included misdemeanor charges. Ralph DeZago knew or should have known the under Kansas law whenever parties agree to stipulated facts in court without a jury constitutes "hearing of evidence" for the purposes of double jeopardy requirement and that jeopardy attaches when the court begins to hear evidence.

Without Ralph DeZago's full cooperation and silence Judge Daniel Hebert's diabolical plot to deny Moore is Constitutional Rights would run aground. Public Defender Ralph DeZago and District Attorney Julie McKena have remained silent now for more than 26 years even though Moore is on unlawful parole and being oppressed and denied the rights and benefits of being a free citizen, all guaranteed by the United States Constitution. A grave miscarriage of justice has taken place involving the State of Kansas and Maurice Moore because of evil intentions of hateful people.

## STATUTE OF LIMITATIONS

The three (3) named defendants in this case, along with earlier un-named conspirators, cleverly concealed and suppressed this massive fraud and miscarriage of justice for more than 36 years.  Accordingly, Moore opted to use the "Discovery Option" that tolls the statute of limitations in all cases involving fraud.  Accordingly, the statute of limitations does began until such time as the fraud is discovered.  In this case Moore did not uncover this evil, diabolical plot of concealment, suppression and false pretenses until June, 2022.

## ABSOLUTE IMMUNITY

Judge Daniel Hebert knew by reading the 1986 transcripts in Moore's case that there was insufficient evidence to support the felony charges.  Judge Hebert also knew that as soon as evidence was offered and accepted by then Judge Gene Penland on the part of the State, that jeopardy had attached.  Most importantly, in 1997 Judge Daniel Hebert knew, or should have known, that as soon as the 1986 District Court Judge accepted the flawed factual basis which only supported the lesser simple battery charge and misdemeanor firearms charge, that Moore was immediately acquitted of all felony charges.  The 1997 Court was deprived of all jurisdiction, and that this could not be appealed.   Immunity does not cover illegal or unlawful actions beyond a judge's jurisdiction, or, in absence of jurisdiction, and

certainly does not cover criminal conspiracy and plots to deny a citizen the guaranteed right to be free from Double Jeopardy. Judge Daniel Hebert is liable for his unlawful actions and involvement in this sinister plot that spanned decades. There were so many civil rights violations that this case comes very close to being a RICO civil case which carries years in federal prison. I will past on that option and instead seek only fair compensation for all the lost years.

## SPECIFIC DATES OF VIOLATIONS

| | |
|---|---|
| Dec. 12, 1996 | March 17, 1997 |
| Jan. 03. 1997 | March 31, 1997 |
| Jan. 13, 1997 | April 10, 1997 |
| Feb. 14, 1997 | April 22, 1997 |

The dates above were all days in Saline County District Court when any of the three (3) defendants had the opportunity to speak up and make it known that Moore had been Acquitted 10 years earlier and should be immediately released. Here it is now, 26 years later, and defendants have yet to speak up about the grave injustice and miscarriage of justice that has taken place. Every day that the defendants remain silent is an additional day of violating Moore's Constitutional Rights and constraints of the Kansas Parole system. Moore has now been on parole for more than 18 years. Moore's rights have been violated every day for the last 26 years by the defendants.

## IV. INJURIES

General injuries include loss of liberty that includes 19 years of wrongful imprisonment; 19 years of unlawful parole; 38 years of loss of employment opportunities; lost of future earnings by virtue of being to old; injury to reputation; continuous depression and emotional distress; cause of divorce; and loss of family and friends.

Defendants in this case have unlawfully and intentionally taken Moore's life away. Every right and freedom guaranteed by the United States Constitutional were taken away by these three (3) defendants who stood as one in a conspiracy spanning decades. Even today they stand silent, thinking they have gotten away with their dark crimes and deprivations.

## V. RELIEF

1. Request this Federal Court read the February 13, 1986 transcript, pages 5, 6 and 7 and rule on whether or not the stipulated factual basis for aggravated battery against a law enforcement officer was missing 3 or 4 essential elements when presented in open Court as evidence on that day. (the same record seen by defendants)

2. Request this Federal Court read the February 13, 1986 transcript, pages 5, 6, and 7 and rule on whether or not the stipulated factual bases for unlawful possession of a firearm by a felon was missing 3 or 4 required elements for that offense on that day.

3. Request this Federal Court rule on whether or not the factual basis elements submitted to the Court on February 13, 1986 for both felony offenses only supported the lesser included offenses: both misdemeanors.



## V.  RELIEF (continued)

4.  Request this Federal Court rule on whether Daniel L. Hebert, then Saline County District Judge; Julie McKena, then Saline County District Attorney; and Ralph J. DeZago, then Kansas Public Defender, can claim any type of immunity after engaging in intentional, deliberate, unlawful and illegal conduct to deprive Moore of his guaranteed Constitutional rights.

5.  Request this Federal Court make a ruling as to whether or not Moore was Acquitted of all felony charges in February 1986 when Saline County District Court, in error, accepted the factual basis for both felony offenses and went on to sentence Moore, in error, for the felony offenses instead of the two (2) lesser included misdemeanors.

### FEDERAL JURY

6.  Request a federal jury decide guilt or innocence of every offense charged.

7.  Request a federal jury decide the amount of monetary damages to be awarded, including any possible punitive damages.



_____

_____

*(attach additional sheets, if necessary)*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on __08-31-23__.
(Date)

__Maurice B. Moore__
Signature of Plaintiff

__Maurice B. Moore__
Name (print or type)

__4938 Hampden Lane #576__
Address

__Bethesda, MD. 20814__
City          State          Zip Code

__(301) 523-6586__
Telephone Number

__<blaine4017portage@yahoo.com>__
E-Mail Address

-4-

Case 2:23-cv-02385-JAR-TJJ   Document 1   Filed 09/05/23   Page 18 of 18



## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 08-31-23

Signature of Plaintiff: *Maurice B. Moore*

Printed Name of Plaintiff: Maurice B. Moore

### B. For Attorneys

Date of signing:

Signature of Attorney:
Printed Name of Attorney:
Bar Number:
Name of Law Firm:
Address:

City     State     Zip Code

Telephone Number:
E-mail Address: