## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MAURICE BERNARD MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No: 23-cv-2385-JAR-TJJ |
| | ) | |
| DANIEL L. HEBERT, JULIE | ) | |
| MCKENA, RALPH J. DEZAGO, and | ) | |
| SALINE COUNTY, KANSAS, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Plaintiff's Request for Permission to File a 2nd Amendment to His Complaint (ECF No. 51). Plaintiff seeks leave to amend his complaint to sue all Defendants in their individual capacity as opposed to their official capacity. Defendant Ralph J. DeZago and Daniel L. Hebert each individually oppose the motion based on futility. Upon consideration of the matter, the Court finds the motion should be granted.

### I.    Factual and Procedural Background

On September 5, 2023, Plaintiff brought this action against Ralph J. DeZago, Daniel L. Hebert, and Julie McKenna claiming the following violations: (1) Double Jeopardy, (2) Conspiracy Against Rights, (3) Misprison of a Felony, (4) Failure to Intervene, (5) Deprivation of a Federal Right, (6) Forced Labor, and (7) Denial of Due Process & Equal Protection of Law.[1] On

---

[1] ECF No. 1 at 5.

October 10, 2023, Plaintiff filed an Amended Complaint adding Saline County, Kansas, as a Defendant.[2]

On November 20, 2023, Defendant Hebert filed a motion to dismiss for lack of jurisdiction, claiming Eleventh Amendment Immunity and failure to state a claim.[3] On November 27, 2023, Defendant McKenna filed a motion to dismiss for lack of subject matter jurisdiction, claiming Eleventh Amendment Immunity and that Plaintiff's claims are barred by the statute of limitations.[4] On November 30, 2023, Defendant DeZago filed a motion to dismiss for lack of subject matter jurisdiction due to standing, Eleventh Amendment Immunity, improperly bringing claims under § 1983, the Rooker-Feldman Doctrine, and issue and claim preclusion. Alternatively, Defendant DeZago argues Plaintiff's claims should be dismissed for failure to state a claim, for lack of private right of action in criminal statutes, and because the statute of limitations has expired.[5]

On January 2, 2024, Plaintiff filed the instant motion, a Request for Permission to File a 2nd Amendment to His Complaint.[6] His proposed Second Amendment changes the manner in which he is suing all of the listed Defendants. Plaintiff now wishes to sue each Defendant in their individual capacity as opposed to their official capacity. Further, Plaintiff maintains the same claims against Defendants but more clearly specifies his claims against each Defendant.

---

[2] ECF No. 9.

[3] ECF No. 28.

[4] ECF No. 34.

[5] ECF No. 37.

[6] ECF No. 51.

Defendants Hebert and DeZago both filed individual responses arguing the amendment would be futile and should therefore be rejected. Defendants McKenna and Saline County, Kansas did not file responses.

## II.   Legal Standard

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial.  It provides that the parties may amend a pleading once "as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[7]  Other amendments are allowed "only with the opposing party's written consent or the court's leave."[8]  Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[9]  The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[10]  The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[11]

---

[7] Fed. R. Civ. P. 15(a)(1).

[8] Fed. R. Civ. P. 15(a)(2).

[9] *Id*.; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[10] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[11] *Id*. (quoting *Foman*, 371 U.S. at 182).

In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[12] Therefore, the court will deny an amendment on the basis of futility only when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented a claim to relief that is plausible on its face.[13]  A complaint or amendment thereof need only make a statement of the claim and provide some factual support to withstand dismissal.[14]  It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal all allegations are considered to be true.[15]  The party opposing the proposed amendment bears the burden of establishing its futility.[16]

## III.    Analysis

It is well settled that a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it otherwise fails to state a claim.[17] Dismissal of a claim under Rule 12(b)(6) is appropriate only when it appears "beyond a doubt" that a party can prove no set of facts in support of the theory of recovery that would entitle it to

---

[12] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[13] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[14] *Twombly*, 550 U.S. at 555.

[15] *Id.* at 556.

[16] *Mars v. Novartis Pharm. Corp.*, No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

[17] *Bratcher v. Biomet Orthopedics, LLC*, No. 19-cv-4015-SAC-TJJ, 2019 WL 2342976, at *5 (D. Kan. June 3, 2019) (citing *Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan. 1995)).

relief.[18]  The issue before this Court is therefore not whether Plaintiff ultimately will prevail on his claims against Defendants in their individual capacities, but whether he is entitled to offer evidence to support his alleged claims.[19]

Given that Plaintiff is proceeding pro se against four separate Defendants, alleging seven claims against each Defendant, the court is unable to find that the proposed amendments are clearly futile. "Defendants' arguments with regard to these claims would be more appropriately resolved by the district judge, in the context of a motion for summary judgment or by way of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or (c)."[20] Plaintiff should be afforded the opportunity to amend his complaint at this early stage in the case to assert his claims against Defendants in their individual capacities.  Defendants suffer no prejudice from the amendment, and the Court finds that justice requires granting Plaintiff's motion.

**IT IS THEREFORE ORDERED** that the Plaintiff's Request for Permission to File a 2nd Amendment to His Complaint (ECF No. 51) is **GRANTED**.  In accordance with D. Kan. Rule 15.1(b), Plaintiff shall electronically file and serve his Second Amendment to his Complaint within five business days of the date of this order.

**IT IS FURTHER ORDERED** that the Court **finds as moot** Defendant Saline County's Motion to Plead out of Time (ECF No. 62). Defendant Saline County may answer or otherwise respond to Plaintiff's Second Amendment to his Complaint within 14 days after service of the amended pleading in accordance with Fed. R. Civ. P. 15(a)(3).

---

[18] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).

[19] *Beach v. Mutual of Omaha Ins. Co.,* 229 F. Supp. 2d 1230, 1234 (D. Kan. 2002).

[20] *See Settle v. Unifund C.C.R. Partners*, No. 07-2473-CM, 2007 WL 9723776, at *1 (D. Kan. Nov. 6, 2007).

**IT IS SO ORDERED.**

Dated this 9th day of February, 2024 at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge