**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MAURICE BERNARD MOORE,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 23-2385-JAR-TJJ** |
| **DANIEL L. HEBERT et al.,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Plaintiff Maurice Bernard Moore, proceeding pro se and in forma pauperis, brings this civil rights action against Defendants Daniel L. Hebert, Julie McKenna, Ralph J. DeZago, and Saline County, Kansas. Before the Court are the following motions: Plaintiff's motion entitled "Plaintiff Moore Charges All Defendants with Committing Fraud Upon the Court" (Doc. 69); Defendant Ralph DeZago's Motions to Dismiss (Docs. 77 and 84);[1] Plaintiff Moore's Request for Dismissal of Miscellaneous Items (Doc. 81); Defendant Daniel Hebert's Motion to Dismiss (Doc. 88); Defendant Julie McKenna's Motion to Dismiss (Doc. 92); the parties' Motions to Strike (Docs. 104, 106, and 108) certain briefs on the motions to dismiss; and Plaintiff's Motion for Leave to File a Surreply (Doc. 110) as to all of Defendants' motions to dismiss. The motions are fully briefed and the Court is prepared to rule. As described more fully below, Defendants' motions to dismiss are granted and Plaintiff's motion seeking relief on the basis that Defendants committed fraud upon the Court is denied. Plaintiff's motion to dismiss his requests for punitive damages and injunctive relief is granted as unopposed. The parties' motions to strike are denied.

---

[1] DeZago's first motion to dismiss addresses Plaintiff's Claims in his motion invoking Fed. R. Civ. P. 60(b)(3), and moving to dismiss them for lack of subject matter jurisdiction and failure to state a claim. Docs. 77, 78. DeZago's second motion to dismiss addresses Plaintiff's claims asserted in the Second Amended Complaint. Docs. 84, 85.

Plaintiff's motion for leave to file surreplies to the motions to dismiss is granted; the Court has considered his surreplies in ruling on the motions to dismiss.

I.      **Background**

        A.      **Factual Allegations**

        The following facts are derived from Plaintiff's Amended Complaint[2] and Second Amended Complaint.[3]   The Court also includes procedural history regarding Plaintiff's criminal convictions taken from the Kansas Court of Appeals' decision in *State v. Moore*,[4] and the Tenth Circuit's decision in *Moore v. Nelson*.[5]   The Court takes judicial notice of these decisions and the adjudicative facts therein under Fed. R. Evid. 201(b) because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[6]   The Court "may 'take judicial notice of its own files and records, as well as facts which are a matter of public record,' without converting a motion to dismiss into a motion for summary judgment."[7]

        Plaintiff's pleadings in this case are based on his contention that his state criminal conviction in 1997 was a double jeopardy violation.   He alleges that Hebert (the presiding Kansas state district court judge), McKenna (the prosecutor), and DeZago (his public defender) conspired to force him into an illegal conviction and sentence for which he had already been acquitted.

_____

[2] Doc. 9.

[3] Doc. 76.

[4] No. 81,130, 1999 WL 35814431 (Kan. Ct. App. Dec. 30, 1999).

[5] 49 F. App'x 250 (2002).

[6] Fed. R. Evid. 201(b)(2).

[7] *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) (quoting *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006)).

The Kansas Court of Appeals' decision denying Plaintiff's direct appeal of his 1997

conviction and sentence summarized the procedural history up until that point as follows:

> On February 13, 1986, Moore pled guilty to aggravated battery
> against a law enforcement officer and unlawful possession of a
> firearm.  Approximately 10 years later, on November 8, 1996, the
> district court granted Moore's K.S.A. 60-1507 motion and set aside
> the convictions, finding that Moore's guilty plea was improperly
> accepted.  The journal entry was filed in the district court on
> November 12, 1986.  Moore was returned to the custody of the
> Saline County Sheriff and held for trial.
>
> The State filed an amended information on January 13, 1997.  On
> April 10, 1997, Moore again pled guilty to the charges of
> aggravated battery against a law enforcement officer, unlawful
> possession of a firearm, and a misdemeanor concealed weapon
> charge.  On April 22, 1997, Moore was sentenced to an
> indeterminate sentence of 30 years to life.[8]

After Plaintiff's direct appeal was denied, he brought another post-conviction motion

challenging his sentence, which the Kansas Court of Appeals denied; the Kansas Supreme Court

denied review.[9]  He then filed a petition for writ of habeas corpus in federal court.[10]

> The district court denied relief, holding that (1) jeopardy did not
> attach when petitioner entered his 1986 plea because the factual
> basis was not evidence upon which the district court found
> petitioner guilty; (2) petitioner's argument that his conviction was
> based on insufficient evidence failed for the same reason; (3)
> petitioner's speedy trial argument based on state law was not
> cognizable on habeas review; (4) the speedy trial "clock" was reset
> when petitioner's initial plea was vacated, and the delay between
> this event and his second guilty plea was not presumptively
> prejudicial; (5) alternatively, the speedy trial issue was waived by
> petitioner's voluntary and intelligent guilty plea; (6) petitioner was
> not deprived of equal protection or due process because he was
> ineligible for sentence conversion under the new sentencing
> guidelines; (7) petitioner's ineffective assistance claims were
> without merit under *Strickland v. Washington*, 466 U.S. 668, 104
> S. Ct. 2052, 80 L. Ed. 2d 674 (1984); and (8) petitioner's claims of

---

[8] 1999 WL 35814431, at *1.

[9] 49 F. App'x at 252.

[10] *Id.*

> judicial misconduct failed either because they were wholly lacking
> in merit or because they were based on an alleged violation of state
> law.[11]

The Tenth Circuit determined that Plaintiff failed to make the showing necessary to obtain a

certificate of appealability, specifically noting that his "double jeopardy claim has no merit."[12]

Plaintiff alleges in this case that in 1986, the state court accepted his guilty plea to felony

offenses based on stipulated facts.  He further alleges that the record from the plea hearing shows

that those facts failed to support all of the required elements for the aggravated battery and

firearms charges.  Thus, Plaintiff maintains in this action that under "K.S.A. 21-3108 . . .

whenever the evidence of a conviction only supports an included offense the defendant is

automatically acquitted of the offense charged.  The evidence presented by the State in 1986

against Moore only supported the lesser included offense, resulting in implied acquittal."[13]

Plaintiff alleges that Judge Hebert knew in 1997 that when the court accepted the stipulated facts

for his guilty plea in 1986 for the lesser included charge of simple battery, Plaintiff was

automatically acquitted of the felony charges.  Plaintiff alleges that despite this knowledge,

Judge Hebert concealed this information from him with the cooperation of McKenna and

DeZago.

### B.    Claims

42 U.S.C. § 1983 provides a cause of action for "the deprivation of any rights, privileges,

or immunities secured by the Constitution" by any person acting under the color of state law.

Liberally construing the pleadings, Plaintiff brings individual-capacity claims under § 1983, and

a conspiracy claim under § 1985, against the individual Defendants for constitutional violations

---

[11] *Id.*

[12] *Id.*

[13] Doc. 76 at 3.

of the Fifth Amendment's Double Jeopardy Clause, and the Fourteenth Amendment's Due Process and Equal Protection Clauses.  Plaintiff also asserts claims in his Amended Complaint, which he incorporated by reference into his Second Amended Complaint, for a conspiracy violation under 18 U.S.C. § 241, Misprision of a Felony under 18 U.S.C. § 4, and forced labor under 18 U.S.C. § 1589.

In addition to Judge Hebert, McKenna, and DeZago, Plaintiff also names Saline County, Kansas ("the County") as a Defendant, and states that he sues the County is in its individual capacity.  Specifically, Plaintiff alleges that the County failed to train and supervise the individual Defendants, despite being on notice in 1997 that there were deficiencies in Plaintiff's conviction.  However, Plaintiff does not name an individual County officer; he only names the County itself.  Without a named individual, Plaintiff cannot maintain an individual-capacity suit against the County.  Thus, the Court liberally construes the pleadings as alleging an official-capacity claim against the County for failure to train and supervise.

The Second Amended Complaint seeks compensatory damages, punitive damages, and injunctive relief.  However, Plaintiff moves to dismiss his claims for punitive damages and injunctive relief.  That motion is granted as unopposed, leaving only Plaintiff's claim for compensatory damages.

## II.    Subject Matter Jurisdiction

The Court first addresses subject matter jurisdiction, a threshold defense that must be addressed before any merits-based issues.[14]  Federal courts are courts of limited jurisdiction and must therefore have a statutory or constitutional basis for exercising jurisdiction.[15]  The party

---

[14] *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

[15] *United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995).

seeking to invoke federal subject matter jurisdiction has the burden to establish that jurisdiction is proper,[16] and mere conclusory allegations of jurisdiction are not enough.[17]  Defendants all argue that the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. DeZago argues further that Plaintiff lacks standing to assert the claims alleged against him.

### A.     *Rooker-Feldman* **Doctrine**

Defendants first argue that the *Rooker-Feldman* doctrine bars this Court's jurisdiction. Under the *Rooker-Feldman* doctrine, the Court lacks subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[18]

Defendants argue that all of Plaintiff's claims depend on this Court's review of his 1997 state court conviction; thus, the doctrine applies.  Plaintiff responds that he does not ask the Court to "review" the state court conviction in his Second Amended Complaint.  He contends that because his 1986 conviction resulted in an implied acquittal, the law is self-executing and, therefore, the Court need not review the state court's decisions in exercising jurisdiction here.

The Court agrees with Defendants that Plaintiff's case, by definition, requires this Court to find that his 1997 conviction was unconstitutional.  Regardless of whether Plaintiff used the word "review" in his pleading, all of his claims are premised on the argument that he should not have been recharged in 1997 after his 1986 conviction was vacated because it constituted double

---

[16] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

[17] *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[18] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

jeopardy.  Notably, Plaintiff raised a double jeopardy argument in his federal habeas proceeding challenging the 1997 conviction and sentence, which the Tenth Circuit rejected.[19]

Plaintiff argues that under K.S.A. § 21-3108, the ruling that vacated his 1986 conviction operated as an implied acquittal of the charges brought in 1997.  Thus, he claims that the 1997 conviction violated his double jeopardy rights.  The Kansas statute cited by Plaintiff governing the effect of a former prosecution has been repealed and replaced by K.S.A. § 21-5110.  Under that revised statute, "[a] prosecution is not barred under this section . . . if subsequent proceedings resulted in the invalidation, setting aside, reversal or vacating of the conviction, unless the defendant was adjudged not guilty."[20]  This is consistent with the Tenth Circuit's ruling in Plaintiff's habeas case that double jeopardy generally "does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction."[21]  Plaintiff's 1986 conviction and sentence were set aside through collateral attack.  He was not acquitted.  Therefore, Plaintiff, who lost his appeal and collateral attack in state court, and lost on this argument in his federal court habeas proceedings, filed this action claiming injuries caused by his second conviction, and asks this Court to reject those judgments.  Such claims are barred under the *Rooker-Feldman* doctrine.

### B.      Standing

DeZago argues that Plaintiff lacks standing as to the claims against him because DeZago was not acting under color of state law, and because Plaintiff was not acquitted of the criminal charges.  Article III of the Constitution permits federal courts to decide only "Cases" or

---

[19] *Moore v. Nelson*, 49 F. App'x 250, 252 (10th Cir. 2002).

[20] K.S.A. § 21-5110(d)(3).

[21] *Moore*, 49 F. App'x at 252 (quoting *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988)).

"Controversies."[22]  Article III standing is jurisdictional; therefore, the party seeking federal jurisdiction bears the burden to establish standing.[23]  To establish Article III standing, Plaintiff must adequately show that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[24]  The Court is satisfied that Plaintiff has alleged sufficient facts to establish standing at this stage of the proceedings.[25]

## III.    Failure to State a Claim

Out of an abundance of caution, the Court considers whether Plaintiff has stated a claim upon which relief can be granted, assuming it has jurisdiction.  Under Rule 12(b)(6), "only a complaint that states a plausible claim for relief survives a motion to dismiss."[26]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[27]  Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[28]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all of the factual allegations in the complaint as true,

---

[22] U.S. Const. art. III, § 2; *see Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013).

[23] *TransUnion LLC v. Ramirez*, 594 U.S. 413, 430–31 (2021).

[24] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted); *Kerr v. Polis*, 20 F.4th 686, 692 (10th Cir. 2021) (en banc) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

[25] *See, e.g.*, *Lujan*, 504 U.S. at 561 (explaining that at the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice.").

[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[27] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly.*, 550 U.S. at 555).

[28] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[29] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[30]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[31]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[32]

Additionally, because Plaintiff proceeds in forma pauperis, 28 U.S.C. § 1915(e)(2) applies.  Under that statute, a court shall dismiss a plaintiff's case if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[33]

As explained below, even if the *Rooker-Feldman* doctrine does not deprive the Court of jurisdiction over this matter, the Court would dismiss for failure to state a claim.

### A.    Claims Alleging Violations of Criminal Statutes

Plaintiff purports to assert claims that Defendants engaged in conspiracy under 18 U.S.C. § 241, Misprision of a Felony under 18 U.S.C. § 4, and forced labor under 18 U.S.C. § 1589. Defendants move to dismiss these claims because there is no private right of action under 18

---

[29] *Id.* (quoting *Twombly*, 550 U.S. at 555).

[30] *Id.* at 678−79.

[31] *Id.* at 679.

[32] *Id.* at 678.

[33] 28 U.S.C. § 1915(e)(2)(B).

U.S.C. §§ 241, 242, or 4.[34]  The Court agrees.  These are criminal offenses that must be brought by the United States in a criminal action.

Plaintiff also alleges a claim of forced labor under 18 U.S.C. § 1589.  That is a criminal statute; however, there is a private right of action under 18 U.S.C. § 1595 for violations of § 1589.  For the reasons described below, that claim is barred by the statute of limitations and Defendants' individual defenses.

### B.    Statute of Limitations

All Defendants move to dismiss under the statute of limitations.  Although generally an affirmative defense, a court may resolve statute-of-limitations questions on a Rule 12(b)(6) motion to dismiss "[w]hen a complaint shows on its face that the applicable statute of limitations has expired."[35]

Federal courts apply the forum state's statute of limitations for personal injury actions to claims asserted under §§ 1983 and 1985.[36]  State law also governs questions of tolling, unless state tolling rules would "defeat the goals" of § 1983.[37]  Federal law, however, determines when § 1983 claims accrue.[38]

---

[34] *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (explaining that the Court generally declines to infer a private cause of action based on a criminal prohibition alone).

[35] *Barnett v. Corr. Corp. of Am.*, 441 F. App'x 600, 601 (10th Cir. 2011) (citing *Frederick v. Oklahoma*, 42 F.3d 1406, 1406 (10th Cir. 1994)).

[36] *Id.*; *see also Lyons v. Kyner*, 367 F. App'x 878, 881–82 (10th Cir. 2010).

[37] *Hardin v. Straub*, 490 U.S. 536, 539 (1989).

[38] *McDonough v. Smith*, 588 U.S. 109, 115 (2019) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

The statute of limitations under 18 U.S.C. § 1595 for forced labor is ten years.[39]  In Kansas, the statute of limitations for personal injury actions is two years.[40]  Under federal law, claims generally accrue "when the plaintiff knows or has reason to know of the injury which is the basis of the action."[41]  "[I]t is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue,"[42] and "[t]he cause of action accrues even though the full extent of the injury is not then known or predictable."[43]

Plaintiff alleges claims based on events in 1996 and 1997.  Therefore, the statute of limitations expired on his civil rights claims in 1998 and 1999, and on his forced labor claim in 2006 or 2007.  Plaintiff alleges that he did not discover the alleged fraud until June 2022, when a paralegal he hired discovered a Kansas case that he claims supports his position that he had been acquitted of the charge in 1986 and therefore his 1997 recharge was barred.  If Plaintiff's claims are based on the existence of a published case, he could have known of this basis prior to 2022 through the exercise of due diligence.

To the extent Plaintiff alleges that fraudulent concealment tolls the statute of limitations, he "must show: (1) the use of fraudulent means by the party who raises the ban of the statute [of limitations]; (2) successful concealment from the injured party; and (3) that the party claiming fraudulent concealment did not know or by the exercise of due diligence could not have known

---

[39] 18 U.S.C. § 1595(c)(1).  Prior to 2008, the statute of limitations was four years.  *See Gilbert v. U.S. Olympic Comm.*, 423 F. Supp. 3d 1112, 1129 (D. Colo. 2019) (discussing amendment).  Under either statute, Plaintiff's time has run.

[40] K.S.A § 60-513(a)(4).

[41] *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005) (quoting *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993)).

[42] *Baker*, 991 F.2d at 632 (citing *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 645 (5th Cir. 1988)).

[43] *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1216 (10th Cir. 2014) (alteration omitted) (quoting *Wallace*, 549 U.S. at 391).

that he might have a cause of action."[44]  Plaintiff fails to plead non-conclusory facts demonstrating that Defendants used fraudulent means to hide this legal authority from Plaintiff. And, for the reasons discussed above, Plaintiff's understanding of Kansas' double jeopardy statute is incorrect; therefore, Defendants could not have fraudulently concealed from him that his second conviction was a double jeopardy violation.

Finally, Plaintiff argues that he continues to suffer injury as a result of his wrongful conviction—he remains on the "Don't Fly List," and is still on parole.[45]  But the existence of injury is not the basis for accrual under federal law.  Plaintiff knew of his conviction, and even raised a double jeopardy argument in his post-conviction challenges to the 1997 conviction and sentence more than 20 years ago.  Therefore, his claims are barred by the statute of limitations.

C.       *Heck v. Humphrey*

Although Defendants did not raise it, under § 1915(e)(2)(B)(ii), the Court addresses whether *Heck v. Humphrey* bars Plaintiff's §§ 1983 and 1985 claims.[46]  In *Heck*, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.[47]

---

[44] *Fulghum v. Embarq Corp.*, 785 F.3d 395, 414 n.21 (10th Cir. 2015) (alteration in original) (quoting *Ballen v. Prudential Bache Sec., Inc.*, 23 F.3d 335, 337 (10th Cir. 1994)).

[45] Doc. 95-1 at 6.

[46] 512 U.S. 477 (1994).

[47] *Id.* at 486–87 (emphasis omitted).

Here, Plaintiff challenges the constitutionality of his conviction in the 1997 case and argues that the judge, prosecutor, and public defender conspired to deprive him of his constitutional rights when he was recharged and pled guilty in 1997.  Plaintiff claims Defendants knew or should have known that he was impliedly acquitted of the charges in the 1997 case yet they failed to stop that prosecution.

As the Tenth Circuit has explained, "[t]he purpose behind *Heck* is to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions."[48]  Here, a judgment in favor of Plaintiff "would necessarily imply the invalidity of his conviction or sentence."[49]  As the facts alleged in Plaintiff's pleadings make clear, his 1997 conviction has not been reversed on direct appeal, expunged, or declared invalid in state or federal court.  But if Plaintiff's claim is true that his second prosecution was unconstitutional, then his 1997 conviction was invalid.  Such claims are squarely barred by *Heck v. Humphrey*.[50]

### D.   Individual Defenses

Finally, Defendants individually raise several defenses that demonstrate Plaintiff's failure to state a claim against them.  The Court agrees that these defenses are well taken and concludes that Plaintiff cannot state plausible claims for relief.

### 1.   Judge Hebert

As to Judge Hebert, judicial immunity bars Plaintiff's claims.  "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."[51]  Furthermore, judicial

---

[48] *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted).

[49] *See Heck*, 512 U.S. at 487.

[50] *Heck* has been extended to conspiracy claims under § 1985.  *See Archilta v. Oklahoma*, 123 F. App'x 852, 856 (10th Cir. 2005).

[51] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

immunity cannot be overcome by allegations of bad faith or malice.[52]  Rather, judicial immunity

is only overcome in the following two sets of circumstances: (1) "a judge is not immune from

liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," and (2) "a

judge is not immune for actions, though judicial in nature, taken in the complete absence of all

jurisdiction."[53]  In this case, all of Plaintiff's allegations against Judge Hebert relate to actions

taken in his judicial capacity.  There are no allegations that would trigger application of either

exception to absolute judicial immunity.  Accordingly, Judge Hebert is entitled to absolute

judicial immunity.

### 2.      McKenna

McKenna asserts prosecutorial immunity.  "It is well established that prosecutors are

absolutely immune from suit under section 1983 concerning activities 'intimately associated with

the judicial . . . process,' such as initiating and pursuing criminal prosecutions."[54]  In this case,

Plaintiff's allegations relate to the initiation and pursuit of criminal charges against him.  In

addition, to the extent that Plaintiff's claims and allegations relate to discovery abuses, *Brady*

violations, or withholding evidence, "[a] prosecutor's withholding of evidence is an action

'intimately associated' with the judicial process."[55]  Because Plaintiff's allegations and claims

against McKenna are all based on activities associated with the judicial process, McKenna is

entitled to absolute prosecutorial immunity.

---

[52] *Id.* (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

[53] *Id.* at 11–12 (citations omitted).

[54] *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)).

[55] *Powell v. Spear*, 6 F. App'x 739, 741 (10th Cir. 2001) (quoting *Imbler*, 424 U.S. at 430).

###### 3.      DeZago

DeZago was Plaintiff's public defender.  "[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing their traditional functions as counsel to a criminal defendant."[56]  Thus, Plaintiff fails to state a claim against DeZago under the civil rights statutes.

###### 4.      The County

Finally, although none of the motions address the purported individual-capacity claim against the County, the Court must address it under § 1915(e)(2).  The Supreme Court has made clear that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."[57]  "[I]n other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."[58]  Instead, "the government as an entity" may be held liable only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."[59]  To plead municipal liability, a plaintiff must allege "the existence of a municipal policy or custom, and . . . that there is a direct causal link between the policy or custom and the injury alleged."[60]  In short, a plaintiff must adequately allege "(1) that a municipal employee committed

---

[56] *Dunn v. Harper Cnty.*, 520 F. App'x 723, 725–26 (10th Cir. 2013) (citations omitted).

[57] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

[58] *Id.* at 691; *see also Jenkins v. Wood*, 81 F.3d 988, 993 (10th Cir. 1996) ("A municipality may not be held liable under 42 U.S.C. § 1983 simply because it employs a person who violated a plaintiff's federally protected rights." (citing *Monell*, 436 U.S. at 694)).

[59] *Monell*, 436 U.S. at 694.

[60] *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (quoting *Hinton v City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993)).

a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation."[61]

Plaintiff purports to allege claims based on the County's failure to train and supervise its employees.  But the County cannot be held liable solely because it employed agents that caused Plaintiff's injury.  And, Plaintiff has failed to sufficiently allege that a County employee committed a constitutional violation for the reasons described above.  Accordingly, Plaintiff's claims against the County must be dismissed.

## IV.   Plaintiff's Rule 60(b)(3) Motion

In his motion invoking Rule 60(b)(3), Plaintiff asserts that Defendants have committed a fraud on the Court, and requests that the Court deem their motions to dismiss as "inadmissible."  Under Rule 60(b)(3), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  Such a motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding."[62]  DeZago moves to dismiss Plaintiff's fraud claims for lack of subject matter jurisdiction and for failure to state a claim.

Plaintiff's motion is denied for several reasons.  First, Plaintiff's motion is untimely.  Additionally, for the reasons described above, Plaintiff has failed to demonstrate fraud.  He generally alleges that Defendants conspired with one another to keep legal authority from him that should have barred his 1997 conviction and sentence.  But there are no non-conclusory allegations to support this assertion.  And, for the reasons explained earlier in this Order,

---

[61] *Myers v. Okla. Cnty. Bd. of Cnty. Commr's*, 151 F.3d 1313, 1316 (10th Cir. 1998) (citing *Monell*, 436 U.S. at 694).

[62] Fed. R. Civ. P. 60(c)(1).

Defendants had no reason to advise him of such inapplicable authority.  Finally, there is no authority for prohibiting Defendants from filing motions to dismiss.  Defendants were well within their rights under the rules to do so.[63]  And under Rule 12(h) and § 1915, the Court is required to dismiss on its own motion if it is obvious that the Court lacks jurisdiction, an immunity defense applies, or a plaintiff fails to state a claim.  As described in this Order, all three bases for dismissal exist here.

Accordingly, Plaintiff's motion asserting that the Defendants committed a fraud on the Court and asking the Court to deem the motions to dismiss inadmissible under Rule 60(b)(3) is denied.

## V.    Leave to Amend

While the Court recognizes the general rule that pro se parties generally should be allowed leave to amend, it may appropriately dismiss a claim without prejudice "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[64]  "[T]he district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim."[65]  Here, Plaintiff does not move to amend, nor does he suggest changes that would cure the errors identified in this opinion.  Plaintiff has amended twice already, and the Court determines for the many reasons explained throughout this opinion that Plaintiff cannot prevail on the claims asserted in the Second Amended Complaint, and it would be futile to allow him another chance to amend.

---

[63] *See generally* Fed. R. Civ. P. 12.

[64] *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (alteration omitted) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010)).

[65] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Ralph DeZago's Motions to Dismiss (Docs. 77 and 84); Plaintiff Moore's Request for Dismissal of Miscellaneous Items (Doc. 81); Defendant Daniel Hebert's Motion to Dismiss (Doc. 88); and Defendant Julie McKenna's Motion to Dismiss (Doc. 92) are **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's motion, "Plaintiff Moore Charges All Defendants with Committing Fraud Upon the Court" (Doc. 69) is **denied**.

**IT IS FURTHER ORDERED** that the parties' Motions to Strike (Docs. 104, 106, and 108) are **denied**, and Plaintiff's Motion for Leave to File a Surreply (Doc. 110) is **granted**.

This case is dismissed in its entirety and the Clerk is directed to prepare a judgment in favor of Defendants.

**IT IS SO ORDERED.**

Dated: June 11, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
